

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

| | | | |
|---|---|---|---|
| *Adam K. Ake*<br>*Assistant United States Attorney*<br>*Adam.Ake@usdoj.gov*<br>**JTM** 05.06.21 | *Mailing Address:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *Office Location:*<br>*36 S. Charles Street, 4th Floor*<br>*Baltimore, MD 21201* | *DIRECT: 410-209-4982*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091* |

May 7, 2021

Joseph Murtha, Esquire
Rice, Murtha & Psoras Trial Lawyers
6914 Holabird Ave
Suite A
Baltimore, MD 21222

Re:  <u>*United States v. Armando Ramirez, Jr.*</u>
    Criminal No. TBD *ELH 21-260*

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Armando Ramirez, Jr. (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by ~~May 20, 2021~~, it will be deemed withdrawn. The terms of the Agreement are as follows: *June 29, 2021*

### Offense of Conviction

1.      The Defendant agrees to plead guilty to Count One of a Criminal Information which will charge the Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). The Defendant admits that the Defendant is, in fact, guilty of the offense and will so advise the Court.

### Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Information, in the District of Maryland, the Defendant:

        a.      received a visual depiction using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which contained materials which had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

Rev. August 2018

      b.     the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such sexually explicit conduct; and

      c.     the defendant acted knowingly.

<u>Penalties</u>

3.     The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Counts | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|--------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 1 | 18 U.S.C. § 2252A(a)(2) | 5 years | 20 years | At least five years, up to life | $250,000 | $100, $5,000 |

      a.     Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

      b.     Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

      c.     Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 2259, 3663, 3663A, and 3664.

      d.     Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

      e.     Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

      f.     Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant

authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

Waiver of Rights

4.    The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.    The Defendant has the right to have his case presented to a Grand Jury, which would decide whether there is probable cause to return an Indictment against him. By agreeing to proceed by way of Information, he is giving up that right, and understands that the charge will be filed by the United States Attorney without the Grand Jury.

b.    If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.    If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

e.    The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

f.    If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

h.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.      This Office and the Defendant further agree that the applicable base offense level, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2G2.2, is **22**.

b.      This Office and the Defendant further agree that is a **2** level decrease applies, pursuant to U.S.S.G. § 2G2.2(b)(1), because Defendant's conduct was limited to the

receipt or solicitation of material involving sexual exploitation of a minor and Defendant did not intend to traffic in, or distribute, such material,.

      c.      This Office and the Defendant further agree that a **2** level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(1), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years.

      d.      This Office and the Defendant further agree that a **4** level increase applies, pursuant to U.S.S.G. § 2G2.2(b)(4)(A), because he possessed material involving the sexual abuse of a toddler, pursuant to U.S.S.G. § 2G2.2(b)(4)(B).

      e.      This Office and the Defendant further agree that there is a **2** level increase, because the offense involved the use of a computer, pursuant to U.S.S.G. § 2G2.2(b)(6).

      f.      This Office and the Defendant further agree that there is a **5** level increase, because the Defendant distributed, received and possessed more than 600 visual depictions of children and minors being exploited, pursuant to U.S.S.G. § 2G2.2(b)(7)(B).

      g.      Thus, the adjusted offense level is **33**.

      h.      This Office does not oppose a **2** level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1** level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

      i.      Thus, the final adjusted offense level is **30**.

      7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

      8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

9.      At the time of sentencing, this Office and the Defendant reserve the right to advocate for a reasonable sentence, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Sex Offender Registration and Additional Special Assessment

10.     The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

11.     The Defendant must also pay an additional special assessment of $5,000, unless the Defendant is indigent, pursuant to 18 U.S.C. § 3014.

## Defendant's Consent to Proceed via Video-Teleconference

12.     This Office and the Defendant agree, pursuant to the Coronavirus Aid, Relief, and Economic Recovery Act, H.R. 748 (the CARES Act), enacted on March 27, 2020, that certain federal court proceedings are permitted to proceed telephonically, or via video-teleconference. The parties further agree that Section 15002(b) of the CARES Act permits the District Court to conduct certain hearings in felony matters remotely. Further, pursuant the District of Maryland's Standing Order 2020-06, dated March 29, 2020, District Court Judges are permitted to conduct Rule 11 plea hearings and sentencing hearings in felony cases remotely.

13.     The Defendant consents, after fully consulting with undersigned defense counsel, to proceed with the Rule 11 plea hearing and the sentencing hearing telephonically, or via video-teleconference, in this matter. Because an in-person / in-court proceeding in this matter cannot occur without seriously jeopardy to public health and safety, and because delay in this case will result in serious harm to the interests of justice, the Defendant specifically requests to proceed remotely. The Defendant agrees to proceed remotely, and knowingly and expressly waives any and all rights to a personal appearance in court in this matter.

## Waiver of Appeal

14.     In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

b.     The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

i.     The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

ii.     This Office reserves the right to appeal any sentence below a statutory minimum.

c.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

15.     The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

16.     Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

a.  a Western Digital My Passport USB hard drive, s/n: WX72D20DVRA0;
b.  an HP Envy laptop, model: 15m-cn0011dx, s/n: 8CG84471MN;
c.  a Dell Inspiron 15 laptop, model: 7547, service tag: 1BBK722;
d.  a 1GB USB flash drive, s/n: 06106AAAV; and
e.  Tekrepublic 500GB USB hard drive, s/n: MENAN53GTB11451FW000181

17.     The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J),

Rev. August 2018

32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

18.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

19.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

Restitution

20.    The Defendant agrees to the entry of a restitution order for the full amount of the victims' losses. The Defendant agrees that restitution in this case is not limited to the amounts or victims referred to in the specific charge(s) to which the Defendant has pled guilty. The Defendant acknowledges that restitution will be determined by the Court after a complete review of the evidence developed in the investigation of this case by the government and further investigation by the United States Probation Office as contained in the Presentence Report. The Defendant agrees that, pursuant to 18 U.S.C. §§ 2259(b)(2); 3663; 3663A; 3563(b)(2); and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The total amount of restitution shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. The Defendant will make a good faith effort to pay any restitution. Regardless of the Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from the Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

Defendant's Conduct Prior to Sentencing and Breach

Rev. August 2018

21.     Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22.     If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

Court Not a Party

23.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

Entire Agreement

24.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

Rev. August 2018

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

Adam K. Ake
Assistant United States Attorney

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_6/24/2021_
Date

Armando Ramirez, Jr.
Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_6/24/2021_
Date

Joseph Murtha, Esq.
Counsel for the Defendant

Rev. August 2018

10

**ATTACHMENT A**

**STIPULATION OF FACTS**

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Armando Ramirez, Jr., ("RAMIREZ") is a 50 year old resident of Odenton, Maryland. Between March 19, 2020 and March 28, 2020, law enforcement observed IP address 69.140.63.84 on "Freenet" routing and/or requesting suspected child pornography blocks.

Freenet is a free, Java-based peer to peer file sharing program. Freenet stores users' files by breaking the files into numerous encrypted pieces and depositing the pieces on other users' computers. The complete file can be reassembled and downloaded by anyone in the network who has the key or password for the file. Because the pieces of the files are encrypted, the individuals Freenet users are unaware of the content of the files they have agreed to store on their hard drives. Because of these properties, Freenet has become popular for storing and sharing child pornography. For much of these materials, the passwords or keys are made publicly available via Freenet-based websites call "Freesites" and on numerous Freenet message boards, including "Frost," which is dedicated to child exploitation.

On March 20 or 21, 2020, the IP address above which was later determined to be used by **RAMIREZ** and resolved to his residence at 1224 Chadwell Court, Odenton, Maryland, requested MVI_0554.mpg, a 1:37 minute long video file, over Freenet. MVI_0554.mpg shows a naked prepubescent female sitting on the side of a bed with a naked adult male standing in front of her. The adult male is using his left hand to masturbate himself while his erect penis is in the mouth of the prepubescent female.

On March 21, 2020, using the same IP address, **RAMIREZ** requested 3react.wmv over Freenet. 3react.wmv is a 48-second-long video file depicting a sleeping prepubescent female lying on her back. An adult hand soon pulls down the prepubescent female's pajama bottoms and begins manipulating and digitally penetrating the prepubescent female's vagina.

On August 20, 2020, investigators executed a state search warrant at **RAMIREZ**'s residence. During the execution of the search warrant, numerous digital items were seized, including a Western Digital My Passport USB hard drive, an HP Envy laptop, a Dell Inspiron 15 laptop, a 1GB USB flash drive, and a Tekrepublic 500GB USB hard drive. During the forensic review of these digital devices, law enforcement located 42 files that Ramirez requested to download over Freenet, including the two files he had requested in March 2020 described above, as well as over 90,000 images and 3,000 videos of child sexual abuse material. Some of those images and videos depicted the sexual abuse of toddlers.

Additionally, the forensic analysis of the digital devices revealed that Freenet was installed on two of the devices, and the Frost application that is used to communicate and download files

over Freenet was also found on one of the devices seized from Ramirez's residence. A review of the Frost directory revealed several message boards with names indicative of child sexual abuse material to include "pthc_keyed," "pedomom," "toddler_cp," and "tor-childporn."

**RAMIREZ** knowingly received and possessed visual depictions involving minors engaging in sexually explicit conduct using computers and digital storage devices that had traveled in and affected interstate or foreign commerce.

SO STIPULATED:

_____
Adam K. Ake
Assistant United States Attorney


I have reviewed the foregoing Statement of Facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

_____
Armando Ramirez, Jr.
Defendant


I am the attorney for the defendant. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

_____
Joseph Murtha, Esq.
Counsel for Defendant

2